IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  CHARLES DALLAS HUNSUCKER           CASE NO: 20-12226-JDW
       DEBTOR                                                      CHAPTER 13

RESPONSE TO OBJECTION TO CLAIM
(doc. no. 47)

**COMES NOW,** the claimant, Amy Hunsucker, through her attorney of record, and files this Response to the Objection to Allowance of Claim 9 (doc. no. 47) and states as follows:

1.    Debtor states in his objection that the amended claim is for child support arrearage.  This is not correct.  The claim is for a domestic support obligation.  Part 2.8. of the proof of claim titled "What is the basis of the claim?" clearly lists "Domestic Support Obligation" as the basis for the claim.

2.    Debtor states in his objection that "he is not justly nor truly indebted to said claimant in this amount."  According to debtor's sworn schedules he owed Ms. Hunsucker a total of $49,795.00, comprising $6,000.00 of child support arrearage through July 2020 and $43,795.00 mislabeled as "Division of property in divorce judgement" on Schedule F.  The difference of $1,000.00 is due to debtor's error in calculating his pre-petition child support arrearage as will be shown at a hearing on this objection.

3.    The total debt owed on the date this case was filed to Ms. Hunsucker by debtor was $50,795.00.

4.    This total debt is a domestic support obligation as that term is defined

at 11 U.S.C. §101(14A) and is entitled to priority pursuant to 11 U.S.C. §507(a). As a result this debt should be paid in full through the debtor's plan.

5. Ms. Hunsucker will prove the total debt is a domestic support obligation by applying the facts to the analysis provided by this Court in *Humphries v. Rogers (In re Humphries)*, 516 B.R. 856 (Bankr.N.D.Miss.2014) while citing *In re Sheffield*, 349 B.R. 484 (Bankr.N.D.Miss.2006) along with the later analysis provided by Honorable Selene Maddox in *Potts v. Potts (In re Potts)* A.P. No. 18-01052 (Bankr.N.D.Miss.2020).

6. After a full hearing on the issues and consideration of the many factors provided in the above referenced cases the debt owed to Ms. Hunsucker should be deemed a domestic support obligation and treated accordingly.

**WHEREFORE,** the claimant, Amy Hunsucker, requests this Court overrule the objection to claim and enter an order declaring the total amount owed be deemed a domestic support obligation and treated accordingly.

DATED:  March 26, 2021

Respectfully submitted,

_____/s/William L. Fava_____
WILLIAM L. FAVA (MSB# 101348)
Attorney at Law

**CERTIFICATE OF SERVICE**

    I, William L. Fava, attorney for the above listed party, do hereby certify that I have this day mailed a true and correct copy of the above to the following:

Locke D. Barkley
Via ECF at sbeasley@barkley13.com

U.S. Trustee
Via ECF at USTPRegion05.AB.ECF@usdoj.gov

Tracy B. Walsh – Attorney for Debtor
Via ECF

SO CERTIFIED, this the 26th day of March 2021.

                                                               /s/William L. Fava
                                                             WILLIAM L. FAVA

Fava Firm
P.O. Box 783
Southaven, MS  38671
(662) 536-1116